UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIA HARAN,

Plaintiff,

- against -

ORANGE BUSINESS SERVICES INC.,

Defendant.

21-CV-10585 (VSB)

**OPINION & ORDER**

Appearances:

Liane Fisher
Fisher Taubenfeld LLP
New York, New York
*Counsel for Plaintiff*

Justin Anthony Guilfoyle
Saima Zuberi Sheikh
Amy Joy Traub
Baker & Hostetler LLP
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

Before me is Plaintiff Patricia Haran's ("Plaintiff") opposed motion to vacate the Clerk's Certificate of Default. Because Plaintiff has demonstrated good cause for the relief requested, Plaintiff's motion is GRANTED.

## I. Background

Plaintiff filed the complaint in this action on December 10, 2021, (Doc. 1), and Defendant Orange Business Services Inc. ("Defendant") filed its answer and five counterclaims against Plaintiff on February 25, 2022, (Doc. 8.) On March 17, 2022, Plaintiff filed her response to the counterclaims, (Doc. 10), and Defendant then amended its answer and counterclaims on

March 18, 2022, (Doc. 11.)

Defendant asserts the following amended counterclaims based on Plaintiff's allegedly unlawful post-termination access, gathering, and transmittal of Defendant's confidential and proprietary information from its servers and company property to her personal computer and email account: (i) breach of contract; (ii) conversion; (iii) violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 ("DTSA"); (iv) common law misappropriation of trade secrets; and (v) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* ("CFAA"). (*Id.*) Defendant filed a proposed Clerk's Certificate of Default and supporting declaration of Justin A. Guilfoyle on May 20, 2022, based on Plaintiff's failure to file a response to or otherwise address Defendant's amended answer and counterclaims. (Docs. 16–17.) The Clerk issued a Certificate of Default on May 23, 2022. (Doc. 18.) That same day, Plaintiff moved for an extension of time to file her response to Defendant's amended answer and counterclaims and to vacate the Clerk's Certificate of Default. (Doc. 20 ("Pl. Mot.").) Defendant filed a letter-motion on May 26, 2022 opposing Plaintiff's request. (Doc. 22 ("Def. Opp.").) Plaintiff filed her reply on May 27, 2022. (Doc. 23 ("Pl Reply").)

According to Plaintiff, Defendant alerted her that she failed to file her response to the amended answer and counterclaims during the parties' mediation session on May 19, 2022. (Pl. Mot. 1.) The following day, the mediator offered a mediator's proposal, which the parties rejected. (*Id.*) Defendant then filed its motion for default "mere hours later at 5:30 p.m." (*Id.*) Plaintiff thus did not have any opportunity to file her response following the unsuccessful mediation. (*Id.*) Plaintiff asserts that she is ready to file her response and requests that I vacate Defendant's motion for default and the Clerk's Certificate of Default and grant Plaintiff an extension of time to file her response, (*id.*), which, at this point, would be retroactive.

## II. <u>Legal Standards and Analysis</u>

Where a default judgment has yet to be entered, Rule 55(c) of the Federal Rules of Civil Procedure governs a court's review of whether to vacate a defendant's default. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (Under Rule 55(c), "[a] court may set aside any default that has entered for good cause shown, and if a judgment has entered on the default, the court is authorized to set the judgment aside in accordance with the provisions of Rule 60(b)."); *Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012) (summary order) ("Rule 55(c) permits a party to be relieved of default 'for good cause,' whereas a default judgment may only be set aside in accordance with Rule 60(b).") Under Rule 55(c), a court may set aside an entry of default if it finds that good cause exists based on a review of the following factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *accord Peterson*, 467 F. App'x. at 33. The Second Circuit generally disfavors defaults and maintains a strong preference for resolving disputes on the merits. *See Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001). "[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron*, 10 F.3d at 96.

### A. *Willfulness*

"A default should not be set aside when it is found to be willful." *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991) (discussing willfulness prong in context of motion to vacate default judgment), *cert. denied*, 503 U.S. 1006 (1992). "'Willfulness,' in the context of a default, refers to conduct that is *more* than merely negligent or careless." *Walden v. Lorcom Techs., Inc.*, No. 05-CV-3600 (ARR)(RER), 2007 WL 608151 at *3 (E.D.N.Y. Feb. 23, 2007)

(emphasis in original) (citing *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)). Willfulness may be found when, for example, a defaulting party acts deliberately, egregiously, or in bad faith. *See Argus Research Grp., Inc. v. Argus Sec., Inc.*, 204 F. Supp. 2d 529, 531–32 (E.D.N.Y. 2002); *In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*, Nos. 00-Civ-1898(SAS), 07 Civ. 9453(SAS), 2010 WL 3790828, at *2 n.29 (S.D.N.Y. Sept. 27, 2010). "Courts in this District have noted that the relevant inquiry for determining willfulness is the defaulting party's actions after it became aware of the existence of the litigation or entry of default." *In re FKF 3, LLC*, 501 B.R. 491, 502 (S.D.N.Y. 2013). "Thus, even where notice was adequate and the defaulting party failed to rebut the presumption of receipt, if the party responded promptly after learning of the action, courts have found that the party's default was not willful." *Id.* (collecting cases); *see also Swarna v. Al–Awadi*, 622 F.3d 123, 142–43 (2d Cir. 2010) (finding that default was not willful where defendants retained counsel one day after receiving the motion for default judgment and counsel moved for an extension of time to respond one week later).

I do not find that Plaintiff acted willfully. Plaintiff avers that she learned of her failure to file a response during the mediation session on May 19, 2022. (Pl. Mot. 1.) The next evening at 5:29 p.m., following an unsuccessful mediator's proposal earlier that day, Defendant moved for default, thereby cutting off Plaintiff's ability to file her response to Defendant's amended answer and counterclaims. (Doc. 16; Pl. Mot. 1.) Plaintiff asserts that, at the time of this filing, she was prepared to submit her response, (Pl. Mot. 1), which supports Plaintiff's argument that she acted expeditiously, or at least intended to, within a day of learning of her default. *See In re FKF 3, LLC*, 501 B.R. at 502. While Plaintiff's oversight in complying with the deadline, which she explains was due to her preoccupation with the "scheduled mediation with the prospect of

settlement," (Pl. Mot. 2), may rise to the level of negligence or carelessness, it does not qualify as willfulness. *Walden*, 2007 WL 608151 at *3 ("[W]illfulness. . . refers to conduct that is *more* than merely negligent or careless." (emphasis in original)). This determination is also supported by the fact that Plaintiff filed a timely response to Defendant's original answer and counterclaims but missed the deadline to file a response to Defendant's amended answer and counterclaims, which Defendant filed one day after Plaintiff's initial response. This supports my finding that Plaintiff's default, due to her focus on the mediation and settlement efforts, was not deliberate or in bad faith.

**B. *Prejudice***

Delay alone does not establish the prejudice required to defeat a motion to vacate a default. *See Johnson v. New York Univ.*, 324 F.R.D. 65, 71 (S.D.N.Y. 2018) (citing *Enron*, 10 F.3d at 98). "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). Here, this action is still in the early pleading stage. Discovery has not commenced, nor have I issued an Initial Pretrial Order. The amended answer and counterclaims were filed on March 18, 2022, (Doc. 11), resulting in a deadline of April 8, 2022 for Plaintiff's response. Plaintiff was prepared to file her response as early as May 23, 2022. (*See* Pl. Mot. 1.) Defendant cannot meaningfully argue that this less-than-two-month delay will result in lost evidence or hinder discovery in any way.

**C. *Meritorious Defense***

With regard to the meritorious defense factor, a movant need not show that its meritorious defense is "likel[y] . . . [to] carry the day," *Johnson*, 324 F.R.D. at 71–72 (quoting *Enron*, 10 F.3d at 98), but rather must "present evidence of facts that, if proven at trial, would

constitute a complete defense." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004) (citation omitted); *cf. Peterson*, 467 F. App'x at 34 (affirming entry of default where "defendants' motion to vacate . . . contained no facts, which, if proven at trial, would constitute a complete defense"). This defense must be "articulate[d] . . . with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a serious question as to the validity of those allegations." *FedEx TechConnect, Inc. v. OTI, Inc.*, No. 12 Civ. 1674(RJS), 2013 WL 5405699, at *8 (S.D.N.Y. Sept. 23, 2013) (internal quotation marks omitted). "A defense is meritorious if it is good law so as to give the factfinder some determination to make." *Am. Alliance Ins. Co.*, 92 F.3d at 61 (citation omitted).

Here, Plaintiff meets this "low threshold." *Johnson*, 324 F.R.D. at 72 (citation omitted). Defendant argues that Plaintiff offers only "a high-level denial, without any facts, that she stole Defendant's confidential and proprietary information" and fails to satisfy her burden. (Def. Opp. 3–4.) This is not the case. Plaintiff instead states that she returned her company laptop and external drive upon her termination and that she now works for T-Mobile as a client sales executive selling services that Defendant does not offer or sell in the United States. (Pl. Mot. 2.) Therefore, based on Plaintiff's assertion that she does not have any company property, Plaintiff could show there is no route for her to solicit or attempt to solicit any of Defendant's clients since no overlap exists between Defendant's accounts and those with which Plaintiff now works. (*Id.*) These claims, if proven at trial, offer a complete defense to Defendant's counterclaims for breach of contract, conversion, violation of the DTSA, misappropriation of trade secrets, and violation of the CFAA. This evidence, if proven, also stands for more than mere denials of the counterclaims, as alleged by Defendant. *Cf. Peterson*, 467 Fed. App'x at 33 (affirming entry of

default where "motion to vacate. . . contained no facts, which, if proven at trial, would constitute a complete defense"); *Mason Tenders Dist. Council of Greater N.Y. v. WTC Contracting, Inc.*, No. 10 Civ. 0700(DLC), 2011 WL 4348152, at *4 (S.D.N.Y. Sept. 16, 2011) (declining to find meritorious defense where the defendant merely stated "the opposite of each of the allegations in the Complaint, without providing any evidence of the falsity of those allegations").

Notably, Defendant posits that Plaintiff has admitted in writing that she engaged in some or all of the conduct alleged in the counterclaims. (Def. Opp. 4.) Defendant does not cite where or in what context these admissions were made, nor does Defendant reference these admissions in the counterclaims themselves. (Doc. 11.) According to Plaintiff, this was information Plaintiff disclosed as a "Confidential Settlement Communication Pursuant to Federal Rule of Evidence 408," which the parties agreed and understood would only be used for resolving the counterclaims, but which now Defendant misuses to oppose Plaintiff's motion. (Pl. Reply 1.) Based on this claim, and since Defendant does not offer any evidence of Plaintiff's admissions, I do not consider Defendant's conclusory statements to counter that Plaintiff has demonstrated a meritorious defense to Defendant's counterclaims. Plaintiff's showing is therefore sufficient to satisfy the meritorious defense requirement of a motion to vacate a default.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion to vacate the default, (Doc. 20), is GRANTED. Plaintiff is directed to file her response to Defendant's amended answer and counterclaims within seven (7) days of the entry of this Order.

The Clerk of Court is respectfully directed to terminate the motions at Docs. 20 and 23.

SO ORDERED.

Dated: June 27, 2022
New York, New York

Vernon S. Broderick
United States District Judge