UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA HARAN,<br><br>*Plaintiff/Counterclaim-Defendant,*<br><br>-against-<br><br>ORANGE BUSINESS SERVICES INC.,<br><br>*Defendant/Counterclaim-Plaintiff.* | CASE NO.: 1:21-cv-10585-VSB<br><br>**STIPULATED CONFIDENTIALITY<br>AGREEMENT & PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and subject to the approval of the Court, that the following stipulation and order (the "Order") shall govern the handling of confidential information and material produced by any party, including parties to this action and any third parties ("Producing Party"), or to any party, including parties to this action and any third parties ("Receiving Party"), during the course of discovery in this matter.

1. Any party, including parties to this action and any third parties, may designate as "Confidential" any documents, information, material, or deposition testimony that it reasonably believes in good faith constitutes trade secret(s), competitively sensitive or proprietary business information, customer or prospective customer information, financial account numbers, credit card numbers, tax forms, medical, healthcare, and mental health records and information, social security numbers, taxpayer identification numbers, passwords, dates of birth, driver's license and personal telephone numbers, home addresses, names of minor children, and immigration-status information. A party, including parties to this action and any third parties, shall not designate as Confidential any information or document that such party has a valid and reasonable belief was known generally to or obtainable by the public prior to its designation.

2. The parties shall, in good faith, use Confidential information and material solely for the purposes of preparing for and conducting the litigation of this action and any related proceedings and/or appeals thereof ("Litigation"), and for no other purpose, and shall not disclose Confidential information and material to any third parties, except as set forth in this Order or as required by Court order.

3. The designation of information or material as Confidential for purposes of this Order shall be made in the following manner:

a. in the case of documents, exhibits, briefs, memoranda, or other materials (apart from depositions or other pretrial testimony), whether produced or given by a party or non-party: by stamping "Confidential" on each page of any material containing any Confidential information or material; and,

b. in the case of depositions or other pretrial testimony, whether given by a party or non-party: (i) by a statement on the record, by the defendant's counsel and/or the plaintiff's counsel, at the time of such disclosure, that such testimony shall be treated as Confidential; or, (ii) by written notice sent to all parties within 10 business days after receiving a copy of the transcript thereof that such testimony shall be treated as Confidential.  In both of the foregoing instances, the defendant's counsel and/or the plaintiff's counsel shall direct that the appropriate designation of "Confidential" be prominently affixed to the original and all copies of each transcript page that contains any Confidential information or material.  The cover of each deposition transcript that contains Confidential information shall bear the legend: "THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL MATERIAL."

4.      If the Receiving Party has an objection to a Confidential designation, the Receiving Party shall notify the Producing Party of its objection. The notification must be in writing or stated on the record and must detail the basis for such objection. After receiving the notification, if the Producing Party continues to believe that the information and/or material should be designated as Confidential, the Producing Party shall first attempt to obtain agreement with the Receiving Party as to the information's or material's confidentiality by providing additional grounds therefor, or, if agreement cannot be reached, shall, within 14 days of receiving a written notification from the Receiving Party that agreement will not be reached, apply to the Court for an order designating the information and/or material as Confidential. The burden shall be on the Producing Party to show why its designation is proper. The objected-to information and/or material shall be treated as Confidential pending a decision by the Court.

5.      Once Confidential information or material is produced, it may be disclosed, summarized, or otherwise communicated in whole or in part by the parties receiving said information only to the following persons, who may make use of such information only in connection with the Litigation:

    a.      Outside counsel or in-house counsel who represent parties in the Litigation, and employees or agents of counsel assisting in the preparation of this Litigation for trial or other proceeding herein and who have been advised of their obligations hereunder;

    b.      The parties and designated party representatives or agents whose assistance is reasonably necessary in connection with the Litigation, but only after such persons have completed the certification contained in Exhibit A hereto;

    c.  Experts or consultants assisting the parties, but only after such persons have completed the certification contained in Exhibit A hereto, in accordance with the terms of Paragraph 6;

    d.  Trial witnesses and/or deponents in this action during the course of their testimony or in preparation for their testimony, but only after such persons have completed the certification contained in Exhibit A hereto, in accordance with the terms of Paragraph 6;

    e.  The Court and Court personnel; and

    f.  Court reporters employed in connection with this Litigation.

  6.  Before the Receiving Party or its/her counsel may show or disclose Confidential information or material to any witness, expert, or consultant, that witness, expert, or consultant shall be provided a copy of this Order.  Such persons shall be required to confirm their understanding and agreement to abide by the terms of this Order by signing a copy of Exhibit A hereto, which copy shall be maintained by the party retaining the expert or consultant or who is examining or interviewing the witness.  If any witness, expert, or consultant refuses to execute a copy of Exhibit A attached hereto prior to the Confidential information or material being shown or disclosed to such witness, expert, or consultant then the Receiving Party shall seek and obtain appropriate relief from the Court prior to showing or disclosing the Confidential information or material to witness, expert, or consultant.  Any disclosure of Confidential information or material to witnesses, experts, and/or consultants must be necessary, in the opinion of the Receiving Party, for the conduct of the Litigation. Such opinion shall not affect the right of the Producing Party to

seek relief from the Court if the Producing Party believes that the disclosure was not necessary to the conduct of the Litigation.

7. If any party intends to use Confidential information or material in connection with any papers to be filed with the Court, the party shall seek leave to file such Confidential information or material under seal, and the Court retains discretion whether to grant such request. The party that has designated the material as confidential will identify to the Court why it believes such material should be filed under seal or pursuant to protective order.  To the extent possible, Confidential information and material and non-Confidential information and material shall be filed separately, and a party shall seek leave to file only Confidential information and material under seal.  This paragraph shall not prevent a second copy of any such pleading or other documents specifically intended for review by the Court from being hand-delivered or emailed directly to Chambers and/or to the other parties to this Litigation, so long as reasonable safeguards are observed by the parties to maintain the confidentiality of the pleading or document.

8. If any party wishes to use Confidential information or material during the trial of this Litigation, the parties will, before trial, confer in good faith to attempt to agree upon a method to protect such Confidential information or material.  If the parties are unable to reach agreement, the party opposing the use of such Confidential information or material may seek a Court order protecting such Confidential information or material during trial.  The parties agree to abide by the terms of this Order pending resolution by the Court of any such dispute unless the Court does not resolve such dispute prior to the commencement of trial.

9. The use of any Confidential information or material in any Court proceeding in this Litigation shall not remove its confidential status.  Any person so using such Confidential

information or material shall take all reasonable steps to protect its confidentiality during such use.

10. Entering into or agreeing to this Order, producing, designating, or receiving Confidential information or material under this Order, or otherwise complying with this Order, shall not be construed as a waiver of any party's rights:

    a. to object to the production of documents that it considers not subject to discovery;

    b. to petition the Court for a further protective order relating to any Confidential information or material;

    c. to seek a Court determination as to whether any documents or testimony constitute Confidential information or material under the terms of this Order; or

    d. to object to the material's relevance, materiality, or admissibility at trial.

11. The inadvertent failure to designate as "Confidential" any information in a document or deposition testimony at the time of disclosure shall not be deemed a waiver of the Producing Party's claim of confidentiality. Any party who inadvertently fails to identify information as Confidential shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately designated documents. Any party receiving such improperly designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

12. Any party who discloses or produces, whether inadvertent or otherwise, any information, document or thing protected by privilege or work-product immunity shall, promptly

upon discovery of the disclosure, provide written notice of the disclosure. The Receiving Party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). The production of privileged or work-product protected documents, electronically stored information (ESI), or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Litigation or any other federal or state proceeding. This provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

13. If a Receiving Party is served with a demand, subpoena, or other legal process in any other action that seeks discovery material that was produced or designated as "Confidential" by the Producing Party, the Receiving Party shall give prompt written notice, by hand or facsimile transmission, within five business days of receipt of such demand, subpoena, or other legal process to the Producing Party and shall not produce such Confidential information or material until any objections to such production are resolved, unless to do so would require the Receiving Party to violate an order from a court of competent jurisdiction.

14. Within 60 days after the termination of this Litigation each Receiving Party shall either return the Confidential information or material and all copies to the Producing Party or certify in writing to the Producing Party that such documents have been destroyed. The parties shall make reasonable efforts so that all experts and consultants they have retained abide by this provision.

15. The parties agree to be bound by the terms of this stipulation pending entry of an order by the Court or pending the entry of an alternative thereto that is satisfactory to all parties,

and any violation of the stipulation's terms shall be subject to the same sanctions and penalties as if the Order had been entered by the Court.

16. The parties may agree in writing to alter or waive the provisions or protections provided for herein with respect to particular discovery material.

By: /s/ Liane Fisher
Liane Fisher, Esq.

**FISHER TAUBENFELD LLP**
225 Broadway, Suite 1700
New York, New York 10007
Tel: (646) 741-3490
Email: liane@fishertaubenfeld.com

*Attorneys for Plaintiff*

By: /s/ Justin A. Guilfoyle
Amy J. Traub, Esq.
Justin A. Guilfoyle, Esq.

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza, 14th Floor
New York, New York 10111
Tel: (212) 589-4200
Email: atraub@bakerlaw.com
Email: jguilfoyle@bakerlaw.com

*Attorneys for Defendant*

**SO ORDERED:**

Vernon S. Broderick
United States District Judge

Dated: December 19, 2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA HARAN,<br><br>*Plaintiff/Counterclaim Defendant,*<br><br>-against-<br><br>ORANGE BUSINESS SERVICES INC.,<br><br>*Defendant/Counterclaim Plaintiff.* | CASE NO.: 1:21-cv-10585-VSB |

**EXHIBIT A**

UNDERTAKING CONCERNING CONFIDENTIAL MATERIAL

     The undersigned hereby acknowledges that s/he has read the Confidentiality Stipulation and Order Governing the Production and Exchange of Confidential Material ("Order"). I understand and agree to be bound by the terms and conditions of that Order. I further consent to the personal jurisdiction of the United States District Court, Northern District of New York, for purposes of enforcement of the Order. I understand and agree that disclosure or use of Confidential information or material other than in accordance with the terms and conditions of the Order may result in imposition of sanctions, including, but not limited to, punishment for contempt of Court.

_____        _____
Date                                                         Signature

                                                         _____
                                                         Printed Name

Sworn to before me this

\_\_\_ day of _____, 20\_\_\_


_____
Notary Public