**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
PATRICIA HARAN,

                        Plaintiff,                                       **ORDER**

              -against-                                    **21-cv-10585 (VSB) (JW)**

ORANGE BUSINESS SERVICES, INC.,

                        Defendant.
------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

On May 3, 2023, Plaintiff filed the instant discovery motion ("Plaintiff's Motion"). Dkt. No. 37. On May 4, 2023, this case was referred to this Court for general pretrial. Dkt. No. 38. There are three issues before the Court: (i) Plaintiff's request to extend fact discovery and related deadlines for 45-days, (ii) Plaintiff's request to compel Defendant to produce comparator evidence with respect to Global Account Directors and Integration Services Specialists, and (iii) Plaintiff's request to compel Defendant to produce an itemized computation of damages regarding Defendant's counterclaims. This Court reviewed submissions in support of and in opposition to Plaintiff's Motion and rules as follows: Plaintiff's request to extend fact discovery and related deadlines for 45-days until July 13, 2023 is GRANTED. Plaintiff's request for comparator evidence with respect to Global Account Directors and Integration Services Specialists is GRANTED. Plaintiff's request for an itemized computation of damages regarding Defendant's counterclaims is GRANTED.

## BACKGROUND

Plaintiff worked with Defendant, a telecom company, from May 2017 to February 2021. Dkt. No. 1 at 2-7. Plaintiff is suing Defendant alleging unlawful interference and retaliation under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601–2654 (2006) ("FMLA") and discrimination under the Administrative Code of the City of New York, § 8-101 et seq. ("NYCHRL"). Id. at ¶1. Defendant is countersuing claiming breach of contract, among other related claims. Dkt. No. 8 at ¶22. In connection with this litigation, Plaintiff served a discovery request including interrogatories on July 8, 2022, and Defendant responded to the request for interrogatories on February 9, 2023. Dkt. No. 37 at 1. Plaintiff then sent a deficiency letter on April 5, 2023, which the Defendant responded to on April 28, 2023, refusing to provide the comparator evidence and damages calculation at issue. Id. Defendant objected to Plaintiff's requests on the grounds that (i) Plaintiff's requested comparators are too dissimilar from her role to be relevant comparators and (ii) Plaintiff's interrogatory request exceeded the number allowable under the Federal Rules of Civil Procedure.

## LEGAL STANDARDS

District courts "have broad discretion in deciding motions to compel." Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC, 314 F.R.D. 85, 87 (S.D.N.Y. 2016). During the discovery phase, the Court considers the relevance of the request, proportionality to the needs of the case, and any burden or expense related to the request. See Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any

nonprivileged matter that is ***relevant to any party's claim*** or defense and ***proportional to the needs of the case***, considering the importance of the issue at stake in the action, the amount in controversy, the parties' relative access to relevant information, the party's resources, the importance of the discovery in resolving the issues, and ***whether the burden or expense of the proposed discovery outweighs its likely benefit***.") (emphasis added). Additionally, information "need not be admissible . . . to be discoverable." Id.

Regarding interrogatories, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). A responding party may object to an improper interrogatory. Fed. R. Civ. P. 33(b)(4). The district court is afforded "wide discretion in determining whether to require answers to interrogatories." Winfield v. City of New York, No. 15-CV-05236 (LTS) (KHP), 2018 WL 2277838, at 2 (S.D.N.Y. May 18, 2018).

## DISCUSSION

### A. PLAINTIFF'S REQUEST FOR COMPARATOR EVIDENCE

Plaintiff worked as an Accounts Manager and asks this Court to compel comparator evidence related to the roles of Global Accounts Directors and Integration Services Specialists. Dkt. No. 37 at 2. Plaintiff argues that the requested comparator evidence is relevant because all roles shared a common supervisor. Id. Courts recognize sharing a common supervisor as relevant to the inquiry of whether employees are comparators. Russo-Lubrano v. Brooklyn Fed. Sav. Bank, No. CV06-

3

672(CPS)(VVP), 2007 WL 2126086 (E.D.N.Y. July 23, 2007). Plaintiff further argues that she was responsible for selling the same products as the Integration Service Specialists and Global Account Directors, and the Global Account Directors performed the same job duties as Plaintiff. Dkt. No. 37 at 2. Finally, Plaintiff claims the comparator information regarding Global Account Directors and Integration Service Specialists is relevant to assess the merits of her termination considering how she performed against similarly situated employees. Dkt. No. 37, Exhibit 2 at 2.

Defendant's sole argument for opposing the requested comparator evidence is that the comparator evidence is irrelevant to Plaintiff's claims because the positions are not appropriate comparators. Dkt. No. 39 at 2. Defendant argues that the roles are not appropriate comparators because they had different "job requirements, required skillsets, necessary experience, and performance expectations, which make them materially dissimilar for any comparator analysis." Id. Defendant does not argue that the request is burdensome.

The issue of whether these roles are ultimately appropriate comparators may be addressed at the summary judgment stage. See e.g., Kharazian v. Gerald Metals, LLC, No. 3:16 CV 1762 (VAB), 2017 WL 11017757, at 1 (D. Conn. Nov. 9, 2017) (declining to address, in the context of discovery, whether an individual is an appropriate comparator). The Court is satisfied that Plaintiff's requested comparator evidence is discoverable because it may be relevant to Plaintiff's claims of employment discrimination and the request is not overly broad or burdensome.

4

B. <u>Plaintiff's Request for Defendant's Damages Calculation</u>

Defendant objects to Plaintiff's request for a damages calculation on their counterclaims solely based on their assertion that Plaintiff exceeded the number of interrogatories permitted due to the "improperly compound nature of Interrogatory 15." Dkt. No. 39 at 3.  Plaintiff argues that Interrogatory 15 was not improperly compounded, and even if it were, the Defendant should have produced the requested damage calculation as part of Defendant's Rule 26 Initial Disclosures. Dkt. No. 37 at 2.

The Court agrees that the damages calculation should have been provided in Defendant's Initial Disclosures.  Under Rule 26(a)(1)(A)(iii), "a party must, ***without awaiting a discovery request***, provide to other parties . . . a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added).  Therefore, the Court need not address the issue of compound interrogatories and compels production of the computation of damages regarding Defendant's counterclaims.  Plaintiff's request to compel is GRANTED.  The Clerk of the Court is respectfully requested to close the motion at Dkt. No. 37.

SO ORDERED.

DATED:   New York, New York
         June 2, 2023

_____
JENNIFER E. WILLIS
United States Magistrate Judge